**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Veronica Denise Chandler and Monroe Holmes,
Defendants,

Of Whom Monroe Holmes is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2014-001783

———————————

Appeal From Horry County
Monét S. Pincus, Family Court Judge

———————————

Unpublished Opinion No. 2016-UP-167
Submitted March 24, 2016 – Filed April 1, 2016

———————————

**REVERSED AND REMANDED**

———————————

Carla Faye Grabert-Lowenstein, of Law Office of Carla
Faye Grabert-Lowenstein LLC, of Conway, for
Appellant.

Ernest Joseph Jarrett, of Jenkinson Jarrett & Kellahan,
PA, of Kingstree, for Respondent.

Ian Andrew Taylor, of The Taylor Law Office L.L.C., of Pawleys Island, for the Guardian ad Litem.

———————

**PER CURIAM:**  Monroe Holmes (Father) appeals the family court's termination of his parental rights to his two minor children (collectively, Children).  On appeal, Father argues the family court erred by finding (1) section 63-7-2570(1) of the South Carolina Code (Supp. 2015) applied to him even though Children did not reside at his domicile, (2) clear and convincing evidence supported the statutory grounds for TPR, and (3) clear and convincing evidence showed TPR was in the best interest of Children.[1]  We reverse and remand.

The basis of the family court's termination of Father's parental rights was Mother's continued drug use.  Based on our finding in Mother's case that the family court erred in admitting evidence of Mother's positive drug tests, we reverse the termination of Father's parental rights and remand this matter to the family court "with leave to open the record to receive any other evidence pertinent to a determination as to whether [M]other has overcome her drug addiction and to give DSS the opportunity to present a proper chain of custody." *S.C. Dep't of Soc. Servs. v. Cochran*, 356 S.C. 413, 419, 589 S.E.2d 753, 756 (2003); *see also S.C. Dep't of Soc. Servs. v. Cochran*, 364 S.C. 621, 630, 614 S.E.2d 642, 646-47 (2005) (concluding a proper establishment of chain of custody for samples to be used in drug testing was met when DSS presented testimony the samples were secured when collected, the samples arrived at the testing facility sealed and intact, and from each person involved in the actual testing as to their handling of the samples and the chain of custody).

**REVERSED AND REMANDED.**[2]

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**

———————

[1] Veronica Chandler, Children's mother (Mother), also appealed the termination of her parental rights to Children.  *S.C. Dep't of Social Servs. v. Chandler*, Op. No. 2016-UP-166 (S.C. Ct. App. filed April 1, 2016).  In Mother's appeal, she argued DSS failed to authenticate key evidence of her continued drug use.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.